No. 3231.—THOMAS H. PATTERSON *v.* HIRAM LITTON.

If the possession of the defendant to real estate is of date anterior to the title under which the plaintiff claims, then and in that case the plaintiff can not recover unless he show a perfect title. 15 An. 454.

Prior to the act of 1847, the parish judge or his clerk could alone make a valid sale of succession property. C. C. 2600. Therefore a sale made of succession property prior to that date, by an auctioneer, conveyed no title whatever.

APPEAL from the Ninth District Court, parish of Sabine. *Orsborne, J.* *E. C. Davidson* and *J. F. Smith* and *Pierson & Levy,* for plaintiff and appellant. *C. C. Chapman & Son,* for defendant and appellee.

LUDELING, C. J. The plaintiff alleges that he is the owner of a tract of land, described in the petition as a Rio Hondo claim, No. 114; that he acquired the same from S. D. Bossier, who derived title at a probate sale of the succession of John Litton, the grantee, and defendant's father.

The evidence shows that the defendant took possession of the land in 1837, as an heir of the grantee, John Litton; that he has been in possession ever since that period, and that the plaintiff purchased from S. D. Bossier, on the second June, 1858. The plaintiff must show a perfect title, therefore, to recover.

We think he has failed to do this. Previous to the act of 1847, the parish judge or his clerk alone could make a valid sale of succession property. C. C. 2600. In this case the succession sale was made by an auctioneer.

The adjudication appears never to have been completed. The sale was made on a credit, and S. D. Bossier, who bid $250 for the property, failed and refused to comply with his bid. This fact is stated in the account of the curator of the estate, who was the father of S. D. Bossier. And the *proces verbal* of the sale made by the auctioneer was never recorded by the judge, nor was any deed ever made to the purchaser. Bossier, therefore, had no title, and he could convey none to his vendee. C. C. 2427.

The evidence shows that the plaintiff was informed before he bought from Bossier that he had never complied with his bid.

Even if the defendant could be regarded as a naked possessor, the plaintiff would fail, for he has not established a title anterior in date to the possession of the defendant. 8 La. 246, Bedford *v.* Urquhart; 15 An. 454, Young *v.* Chamberlin.

It is therefore ordered that the judgment be reversed, and that there be judgment rejecting plaintiff's demand, with costs of both courts.